said that he thought the Court was indeed to presume that a bond was given when the appeal was granted. But, admitting that to be so, the absence of the bond must be accounted for by the appellant, to whom the law confides the record and his own bond as part of it. As he has the custody of the bond it is not too penal, but is quite just to dismiss or, rather, not to receive the appeal; otherwise an appeal would be always taken for delay. The certiorari ought not, therefore, to be granted unless a proper case be made upon affidavit; but the appellee is entitled to a certificate under the act of Assembly.
The rest of the Court concurred.
Some days afterwards Hogg renewed his motion and supported it by affidavits, that the appellant had duly applied to the clerk below for the record and received the transcript which he filed; that he fully believed that he had done all that was required of him, and that he and the clerk were both ignorant that it was his duty to bring up his own bond; that he had never intended to abandon his appeal or delay the appellee; therefore the writ was granted, and was returned, together with the bond and whole record, to a subsequent day of the same term.
And by the record as now filed the case appeared to be this: *Page 21 
The plaintiff declared in assumpsit on a special agreement that in consideration that he, the plaintiff, agreed to sell to the defendant certain buildings and houses described in the (39) declaration, he, the defendant, agreed to pay the plaintiff therefor whatever sum of money any three disinterested menshould say they were worth; that J. S. and two others, being disinterested and appointed by the parties, valued the buildings at $1,750, whereof the defendant had notice; that plaintiff had always been ready and offered, etc., but that the defendant refused, etc. The plea was "nonassumpsit."
Upon the trial the plaintiff produced in evidence a written agreement between him and the defendant whereby Sawyer "agreed to give to Manning the sum that any three disinterested men shall say for the property whereon M. Lives, taking into view all the circumstances of the case, consisting of dwelling house, etc."; and they thereby appointed "the said J. S. and the other two, and bound themselves to abide by the decision of the said persons." Manning had built those houses on Sawyer's ground, and the referees fixed the value at $1,750, and gave them notice of it; and the plaintiff offered to comply and demanded the money but the defendant refused to make payment or accept the houses. For the defendant it was objected that the agreement produced did not support the declaration but varied from it, that the declaration set forth a contract to pay what "J. S. and the others might say the houses were worth"; whereas the agreement itself was that he would pay "what they might say, taking all circumstances into view," and therefore that it ought not to go to the jury. But the court overruled the objection and suffered the evidence to be read, and the jury found a verdict for the plaintiff according to his demand. The defendant prayed for a new trial, which the court refused, and gave judgment, from which he appealed to this Court.